HOWARD L. OCUMPAUGH, complainant,

*v.*

LINDE & GRIFFITH COMPANY et al., defendants.

[Decided March 21st, 1923.]

Under the United States Bankruptcy act a lien filed under the Municipal Mechanics' Lien law against money due a subcontractor subsequent to an adjudication that such subcontractor is bankrupt, although prior to the appointment of a trustee in bankruptcy, does not attach to the fund, but the fund is part of the assets of the bankrupt estate, and the claimant is obliged to file his claim in the bankruptcy proceedings.

On bill, &c.

*Messrs. Kelsey & Ludwig,* for the complainant.

*Messrs. Fisk & Fisk,* for Arthur E. Wells, trustee.

LEWIS, V. C.

This is a motion by the trustee in bankruptcy to dismiss the bill of complaint. It is based on the fact that the adjudica-tion in bankruptcy, having occurred on December 6th, 1921, rendered ineffectual the filing of the lien by the complainant on December 17th, 1921, and that the moneys due from Linde & Griffith Company, the main contractors, to Ajax Electric Company, the first subcontractor, the bankrupt, are assets of the bankrupt estate and that the complainant can-not be paid in full under his lien claim but must file his claim against the bankrupt in the bankruptcy proceedings. The suit of the complainant is under the Municipal Mechanics' Lien law 1918 (at *p. 1041*). It is instituted to foreclose a lien filed by him under the act.

A contract was made by the counties of Essex and Hudson with Linde & Griffith Company to construct safety road-way and sidewalk gates on the Lincoln highway. The con-tract provided that the work was to be completed October 10th, 1921. The work was accepted by the counties on Oc-tober 27th, 1921. At this time, thirty thousand four hundred dollars ($30,400) of the contract price had been paid, leaving a balance of seven thousand six hundred dollars ($7,600) due Linde & Griffith Company. The Linde & Griffith Company subcontracted the electrical work in connection with the operation of said gates to Ajax Electric Company, the bankrupt, agreeing to pay the Ajax Electric Company upon the completion and acceptance of the work. The Ajax Electric Company subcontracted the same work to the com-plainant and the complainant did the work and furnished all the materials by October 10th, 1921. The work was ac-

cepted by the Ajax Electric Company, Linde & Griffith Company and the counties on October 18th, 1921. On December 17th, 1921, complainant filed his lien. On December 6th, 1921, the Ajax Electric Company was adjudged a bankrupt, and Arthur E. Wells was appointed trustee on December 22d, 1921.

The views expressed in the cases of the *Agnew Company* v. *The Paterson Board of Education, 83 N. J. Eq. 49; affirmed, 83 N. J. Eq. 336-339,* and the *Mack Manufacturing Co.* v. *Citizens' Construction Co., 85 N. J. Eq. 331; affirmed, 86 N. J. Eq. 254,* are highly important in considering this motion, although the facts in these cases are somewhat different from those involved in this issue. The court in the *Agnew Case,* among other matters, considered the question in the case of a receiver appointed and qualified before lien filed, but in this case there was an adjudication before the lien was filed but not an appointment of the receiver until a few days after— the bankruptcy statute, § 70-*a* (*3 Rem. 2721*), provides, however, that "the trustee of the estate of a bankrupt, upon his appointment and qualification, shall be vested, by operation of law, with the title of the bankrupt as of the date he was adjudged a bankrupt." Chief-Justice Fuller, in *Mueller* v. *Nugent, 184 U. S. 1,* says, "the filing of a petition in bankruptcy is a caveat to all the world and, in effect, an attachment and injunction."·

It is conceded by the complainant that if the bankruptcy had been that of the Linde & Griffith Company, the main contractor, as was the case in the Agnew litigation, the lien would not have attached the fund and the trustee in bankruptcy would take the money, but it is contended by him that the bankruptcy being that of the Ajax Electric Company, the first subcontractor, these cases are not controlling and that he is entitled to maintain his bill.

The claim of the trustee on this motion is that the lien of the complainant never attached to the fund in question. I do not see, however, how any distinction can be drawn between

the effect of the bankruptcy of the main contractor, as decided in the *Agnew Case,* and the bankruptcy of a subcontractor, as in this case. In the event of the bankruptcy of the main contractor, all the subcontractors, materialmen and laborers, who have not filed liens, are prevented from filing liens by the adjudication in bankruptcy. There does not appear to be any sound reason why the same rule does not apply in event of the bankruptcy of the subcontractor.

It is urged by the solicitor of the complainant that the case of the *National Fireproofing Co.* v. *Daley, 76 N. J. Eq. 35,* presents a situation similar to the one of his client. I am unable, from reading the opinion in this case, to see its application. In it (the *Daley Case*), the court drew a distinction between an assignment by Whan, the main contractor, which, if prior to the filing of the liens, would be prior in right, and an assignment by Daley, the subcontractor, of a debt to him from Whan, the main contractor. Under section 6 of the present Lien law 1918 (*p. 1041,* at *1044*), all assignments by contractors, or subcontractors, are postponed and subsequent to liens filed under the statute regardless of the time of making the assignment.

The work having been completed in this case prior to the adjudication, and the lien filed subsequent to it, the fund is an asset of the bankrupt's estate.

The motion to dismiss the bill of complaint must be granted.